IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-00048-PAB

SHELLEY TORGOVE

 Plaintiff,

v.

LIBERTY INSURANCE CORPORATION,

 Defendant.

## ORDER TO SHOW CAUSE

 The Court takes up this matter *sua sponte* on the complaint [Docket No. 1]. Plaintiff states that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 1, ¶ 3.

 In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Plaintiff asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332.  Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  The facts presently alleged are insufficient to establish the parties' citizenship.

Plaintiff alleges that she "is a resident of Denver County, Colorado," and that, "[u]pon information and belief," defendant "is a foreign corporation organized under the laws of Illinois."  Docket No.1 at 1, ¶¶ 1-2.  These allegations are insufficient to establish diversity jurisdiction.  First, domicile, not residency or mailing address, is determinative of citizenship.  *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with

'residence,' and one can reside in one place but be domiciled in another." (citations omitted)). Accordingly, the fact that plaintiff is a "resident" of Colorado does not establish that she is a citizen of the state for purposes of diversity jurisdiction.

Second, a corporation is deemed a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Because plaintiff only alleges defendant's state of incorporation, her allegations are insufficient to show that the parties are completely diverse.

Finally, plaintiff alleges defendant's citizenship "[u]pon information and belief." Docket No. 1 at 1, ¶ 2. The Court reads this averment to mean that plaintiff does not have affirmative knowledge of the facts bearing on defendant's citizenship. Such unsupported allegations do not confer subject matter jurisdiction over this case. *See Yates v. Portofino Real Estate Props. Co., LLC,* No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009) (requiring plaintiff to "address the citizenship of each of [defendant's] members without resorting merely to their 'information and belief' as to the same"); *U.S. Fire Ins. Co.*, 2009 WL 2338116, at *3 (finding allegations based on "information and belief" insufficient to confer subject matter jurisdiction).

Because plaintiff's allegations are presently insufficient to allow the Court to determine the citizenship of the parties and whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal quotation marks omitted)), it is

3

**ORDERED** that, on or before **5:00 p.m. on Friday, March 22, 2019**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED March 12, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge